UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03331-SPG-SK                        Date: January 28, 2026
Title       Iren Anderson v. County of Riverside, et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION**

On December 10, 2025, Plaintiff filed this action under 42 U.S.C. § 1983 against the County of Riverside (including the Riverside County Sherriff's Department) and Deputy Sherriff Eli Garcia.  (ECF 1).  Plaintiff purportedly attempted to effect service on Defendant Garcia on December 11, 2025, and on Defendant County of Riverside on December 19, 2025.  (ECF 6, 7).  However, the submitted proofs of service are incomplete and ambiguous, and do not clearly demonstrate that service was properly effected in compliance with the Federal Rules of Civil Procedure or the Local Rules of this Court.  (ECF 6, 7).  *See* Fed. R. Civ. P. 4(e), (j), (l) (governing service of individuals and local governments and requiring proof of service to be made to the court); L.R. 4-6 (requiring compliance with Rule 4 and timely filing of valid proof of service).  For starters, the proofs of service fail to establish for each defendant what documents were served, upon whom service was made, in what capacity, and where service occurred. Accordingly, the proofs of service do not demonstrate that service was effected in a manner authorized by Federal Rule of Civil Procedure 4.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE on or before **February 18, 2026** why this action should not be dismissed for Plaintiff's failure to serve and prosecute.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962) (Court has inherent power to dismiss for lack of prosecution on its own motion).  Plaintiff may discharge this show-cause order by filing proper and compliant proofs of service, as previously ordered, by February 16, 2026.  Alternatively, if Plaintiff no longer wishes to pursue this action for any reason, Plaintiff may voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(1) without prejudice using the attached Form CV-09x.  Otherwise, failure to timely respond in writing to this order by the show-cause

---

CV-90 (03/15)                        Civil Minutes – General                        Page **1** of **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03331-SPG-SK                    Date: January 28, 2026

Title      Iren Anderson v. County of Riverside, et al.

deadline may lead to involuntary dismissal of this action without further notice—with or without prejudice—for lack of prosecution and noncompliance with court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *see also* L.R. 41-6 (failure of pro se plaintiff to keep court apprised of current address).

IT IS SO ORDERED.