UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03331-SPG-SK                          Date: March 30, 2026
Title        Iren Anderson v. County of Riverside, et al.

Present:  The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **FINAL ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION**

On December 10, 2025, Plaintiff filed this action under 42 U.S.C. § 1983 against the County of Riverside (which necessarily includes the Riverside County Sheriff's Department) and Deputy Sheriff Eli Garcia.  (ECF 1).  On January 28, 2026, the Court identified multiple errors with Plaintiff's proofs of service and ordered Plaintiff to file proper and compliant proofs of service or show cause why this action should not be dismissed by February 18, 2026.  (ECF 9).  On February 5, 2026, Plaintiff filed updated proofs of service for all Defendants.  (ECF 10–12).  Despite Plaintiff's efforts, the updated proofs of service remain deficient for the reasons set forth below.

**Defendant Garcia**.  Plaintiff attempted substitute service at Defendant Garcia's place of business (the Sheriff's Department).  (ECF 10 at 3).  Under Federal Rule of Civil Procedure 4(e) and California Code of Civil Procedure § 415.20(b), however, substitute service at a workplace is permitted only after the plaintiff has exercised reasonable diligence in attempting personal service—generally two or three prior attempts documented by affidavit or declaration.  *See Long v. McAfee*, 2019 WL 5536228, at *14 (E.D. Cal. Oct. 25, 2019).  Section 4(c) of Plaintiff's proof of service, which is where such prior attempts must be documented, was left blank.  (ECF 10 at 3).  In addition, substitute service requires the plaintiff to mail copies of the summons and complaint to the defendant at the place where the papers were left.  *See* Cal. Civ. Proc. Code § 415.20(b).  Yet the proof of service is also blank as to whether and when that mailing occurred.  (ECF 10 at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03331-SPG-SK                         Date: March 30, 2026

Title         Iren Anderson v. County of Riverside, et al.

      **Defendant County of Riverside and the Riverside County Sheriff's Department**.  When serving a local government entity, a plaintiff must deliver the summons and complaint to the entity's chief executive officer or serve them in the manner prescribed by state law.  *See* Fed. R. Civ. P. 4(j)(2).  Under California law, if substitute service is used in lieu of personal delivery to the authorized official, the plaintiff must thereafter mail copies of the summons and complaint to the person served at the address where the papers were left.  *See* Cal. Civ. Proc. Code §§ 416.50(a), 415.20(a).  Plaintiff's proofs of service for both the County of Riverside and the Sheriff's Department omit the date on which the summons and complaint were mailed.  (ECF 11 at 2; ECF 12 at 2).

      For these reasons, Plaintiff is ORDERED TO SHOW CAUSE on or before **April 13, 2026** why this action should not be dismissed for failure to serve and prosecute. *See* Fed. R. Civ. P. 4(m); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962). Plaintiff may discharge this order (1) by properly serving all Defendants and then filing timely and compliant proofs of service; or (2) by voluntarily dismissing this action without prejudice under Federal Rule of Civil Procedure 41(a)(1) using the attached Form CV-09x.  Failure to timely respond in writing by the show-cause deadline may lead to involuntary dismissal of this action—with or without prejudice—for lack of prosecution and noncompliance with court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *see also* L.R. 41-6 (failure of pro se plaintiff to keep court apprised of current address).

      IT IS SO ORDERED.